IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

MAJEED BAZAZPOUR,

    Petitioner,

v.                                                                                      Case No. 2:24-cv-02764-MSN-atc

WARDEN C. HARRISON,

    Respondent.

---

**ORDER DIRECTING CLERK TO MODIFY THE DOCKET,
GRANTING PETITIONER'S MOTION TO EXPEDITE,
DISMISSING § 2241 PETITION AS MOOT,
CERTIFYING THAT AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH, AND
DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**

---

Before the Court are: (1) the *pro se* Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("§ 2241 Petition") of Petitioner Majeed Bazazpour, and (2) his Motion to Expedite Ruling.[1] (ECF Nos. 1 & 4.) Petitioner has paid the $5.00 habeas filing fee. (ECF No. 5.)

Petitioner's motion to expedite is **GRANTED**, and for the reasons that follow, the § 2241 Petition is **DISMISSED** as moot.

---

[1] At the time Petitioner filed his § 2241 Petition, he was an inmate at the Federal Correctional Institution in Memphis, Tennessee. (ECF No. 1 at PageID 1.) He was released from custody on April 28, 2025. *See* Federal Bureau of Prisons, Find an Inmate (Register No. 55143-060) (last accessed May 20, 2025). Petitioner states in his § 2241 Petition that upon his release, he "will be living with his aunt" at the following address:

    Majeed Bazazpour
    c/o Moneerh Tabenhe
    1670 El Camino Real Apt. 362
    Menlo Park, CA 94025

The Clerk is **DIRECTED** to modify the docket to update Petitioner's address and to send this Order to the above address.

I.     **BACKGROUND**

On November 18. 2010, Petitioner was convicted in the United States District Court for the Northern District of Ohio of (1) conspiracy to commit mail fraud, (2) conspiracy to commit arson of an interstate building, (3) conspiracy to commit money laundering, (4) aiding and abetting arson in commission of a felony, (5) aiding and abetting mail fraud, and (6) aiding and abetting money laundering. (*United States v. Bazazpour*, No. 4:08-cr-00171-BYP-3 (N.D. Ohio. Nov. 18, 2010), ECF No. 227 at PageID 1907.) The district court sentenced Petitioner to a total aggregate sentence of 240 months of imprisonment, followed by a 3-year term of supervised release. (*Id*. at PageID 1908–09.) Petitioner filed a direct appeal.

The Sixth Circuit affirmed Petitioner's convictions, but it vacated the sentences imposed and remanded the case to the district court "for findings necessary to determine whether an obstruction-of-justice enhancement is proper in this case." *United States v. Bazazpour*, 690 F.3d 796, 808 (6th Cir. 2012). The district court held a resentencing hearing and determined that the two-level enhancement for obstruction of justice under U.S.S.G. § 3C1.1 was appropriate. (No. 4:08-cr-00171-BYP-3, ECF No. 271 at PageID 7583.) The district court imposed a total aggregate sentence of 240 months and ordered that "[a]ll other conditions imposed in [Petitioner's] original 18 November 2010 sentencing remain in full force and effect." (*Id*. at PageID 7585.) Petitioner appealed, and the Sixth Circuit affirmed the sentence imposed. (No. 4:08-cr-00171-BYP-3, ECF No. 284.)

Petitioner filed the instant § 2241 Petition on October 11, 2024. (ECF No. 1.) Petitioner sought relief under the Second Chance Act. (*See id*. at PageID 2.) Petitioner alleged that the Bureau of Prisons ("BOP") had wrongfully denied him halfway house placement or home confinement under the Second Chance Act. (*Id*.) According to Petitioner, he was entitled to

2

"up to" one year of halfway house placement under the Second Chance Act.[2] (*Id*. at PageID 9.) Petitioner asked the Court to "immediately order [his] release to home confinement." (*Id*. at PageID 7.)

## II. ANALYSIS

When Petitioner filed the § 2241 Petition, he was serving his 240-month custodial sentence. (*See id*. at PageID 10.) Petitioner was released from BOP custody on April 28, 2025.[3]

"Article III of the Constitution confines the judicial power of federal courts to deciding actual 'Cases' or 'Controversies.'" *Hollingsworth v. Perry*, 570 U.S. 693, 704 (2013) (quoting U.S. Const., art. III, § 2). A case or controversy, at a minimum, requires that "the plaintiff must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (internal quotation marks and citation omitted). This is "a cradle-to-grave requirement that must be met in order to file a claim in federal court and that must be met in order to keep it there." *Fialka-Feldman v. Oakland Univ. Bd. of Trustees*, 639 F.3d 711, 713 (6th Cir. 2011).

"An incarcerated convict's (or a parolee's) challenge to the validity of his conviction always satisfies the case-or-controversy requirement, because the incarceration (or the restriction

---

[2] The Second Chance Act, Pub. L. No. 110-199, 122 Stat. 657 (Apr. 9, 2008), amended 18 U.S.C. § 3624(c)(1) to "authorize the BOP to consider placing an inmate in [a residential re-entry center] for up to the final 12 months of his or her sentence, rather than the final six months that were available pre-amendment." *Demis v. Sniezek*, 558 F.3d 508, 513–14 (6th Cir. 2009) (cleaned up).

[3] Petitioner remains "in custody" for purposes of habeas jurisdiction because he is serving an active term of supervised release. *See Jones v. Cunningham*, 371 U.S. 236, 242–43 (1963) (holding that custody requirement for habeas corpus jurisdiction was met even though prisoner was on parole); *see also* 28 U.S.C. § 2241(c)(3) (providing that "[t]he writ of habeas corpus shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States").

3

imposed by the terms of the parole) constitutes a concrete injury, caused by the conviction and redressable by invalidation of the conviction." *Spencer*, 523 U.S. at 7. Once the prisoner's sentence has expired, however, he must make an affirmative showing that he is suffering some concrete "collateral consequence" because of his completed sentence, or his claim is properly dismissed as moot. *Id.*; *Demis*, 558 F.3d at 512–13.

The § 2241 Petition is moot because Petitioner completed his custodial sentence and has been released to begin his three-year term of supervised release. Any argument that the BOP erred in denying Petitioner placement in a residential re-entry center under the Second Chance Act has been rendered moot by Petitioner's completion of his custodial sentence. *See Demis*, 558 F.3d at 512 (stating that a case becomes moot "and falls outside [a court's] jurisdiction" when "events occur during the pendency of a litigation which render the court unable to grant the requested relief").

Petitioner does not attack his underlying criminal convictions, and the only relief sought in his § 2241 Petition is "immediate release to home confinement." (ECF No. 1 at PageID 7.) Because Petitioner has completed his custodial sentence, the Court is "unable to grant the requested relief." *See Demis*, 558 F.3d at 512. The § 2241 Petition is **DISMISSED** as moot. Judgment shall be entered for Respondent.

### III.  APPELLATE ISSUES

A federal prisoner seeking relief under § 2241 need not obtain a certificate of appealability under 28 U.S.C. § 2253(c)(1) to challenge the denial of his petition. *See Witham v. United States*, 355 F.3d 501, 504 (6th Cir. 2004) (explaining that § 2253 "does not require a certificate of appealability for appeals from denials of relief in cases properly brought under § 2241, where detention is pursuant to federal process").

4

A habeas petitioner seeking to appeal must pay the filing fee required by 28 U.S.C. §§ 1913 and 1917. To appeal *in forma pauperis* in a habeas case under § 2241, the petitioner must obtain pauper status pursuant to Federal Rule of Appellate Procedure 24(a). *See Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997). Rule 24(a) provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a)(1). Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal *in forma pauperis*, the petitioner must file his motion to proceed *in forma pauperis* in the appellate court. *See* Fed. R. App. P. 24(a)(4)-(5).

In this case, because Petitioner is clearly not entitled to relief, the Court finds that any appeal would not be taken in good faith. The Court therefore **CERTIFIES** under Rule 24(a) that any appeal would not be taken in good faith and **DENIES** Petitioner leave to appeal *in forma pauperis*.[4]

**IT IS SO ORDERED**, this 23rd day of May, 2025.

*s/ Mark S. Norris*
MARK S. NORRIS
UNITED STATES DISTRICT JUDGE

---

[4] If Petitioner files a notice of appeal, he must also pay the full $605 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the United States Court of Appeals for the Sixth Circuit within 30 days.